# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | |
| v. | ) | No. 13-20114-07-KHV |
| | ) | |
| HUIMING LIU, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

On December 18, 2013, a grand jury charged defendant with (1) conspiracy to transport illegal aliens, harbor illegal aliens and induce illegal aliens to reside in the United States in violation of 8 U.S.C. §§ 1324(a)(1)(A)(v)(I) and 1324(a)(1)(B)(i) and (2) failing to depart the United States in violation of 8 U.S.C. § 1253(a)(1)(A). Superseding Indictment (Doc. #91), Counts 1 and 2. On December 27, 2013, United States Magistrate Judge David J. Waxse ordered defendant released on certain conditions. See Memorandum And Order (Doc. #105). This matter is before the Court on the government's Motion To Review Release Order (Doc. #106) filed December 30, 2013. On January 8, 2014, the Court held a hearing on the motion. For reasons stated below, the Court finds that defendant should be detained.

## Factual Background

The Court takes judicial notice of the Pretrial Services Report prepared December 23, 2013, and the proffers in the government's memorandum (Doc. #116) and at the detention and review hearings.

Defendant is a native and citizen of the People's Republic of China, who entered the United States on June 14, 1999, with a fraudulent passport. On November 9, 1999, a U.S. immigration judge ordered that defendant be removed from the United States. Defendant appealed and on April 8, 2002,

the Board of Immigration Appeals affirmed the decision. On May 8, 2002 and August 21, 2007, defendant asked to re-open her case, but the Board of Immigration Appeals denied the requests. On December 19, 2007, the Board of Immigration Appeals ordered defendant to depart from the United States within 90 days. Defendant has continued to reside in the United States.

Both defendant and her husband worked at the Wei's Super Buffet restaurant in Olathe, Kansas. On November 5, 2013, agents with Immigration and Customs Enforcement ("ICE") – along with other agencies – served several search warrants in Olathe, Kansas, and Kansas City, Missouri. These included a search warrant of the residence of defendant and her husband, Xiang Wang, a few blocks from Wei's Super Buffet restaurant.[1] The government investigation targeted an alleged conspiracy to transport illegal aliens, harbor illegal aliens or induce illegal aliens to reside in the United States, as part of the operation of Wei's Super Buffet restaurants in Olathe and Kansas City.

After law enforcement agents arrested defendant in this case, ICE issued an immigration detainer that is lodged with the United States Marshals Service.

## Standard Of Review

The government may seek review of a magistrate judge's order of release under 18 U.S.C. § 3145(a)(1). The district court reviews de novo a magistrate judge's order of release or detention. See United States v. Lutz, 207 F. Supp.2d 1247, 1251 (D. Kan. 2002); United States v. Burks, 141 F. Supp.2d 1283, 1285 (D. Kan. 2001). The district court must make its own de novo determination of the facts and legal conclusions with no deference to the magistrate judge's findings. See Lutz, 207 F. Supp.2d at 1251. A de novo evidentiary hearing, however, is not required. See id. The district court

---

[1] Defendant's husband is charged with failing to depart the United States. See D. Kan. No. 13-20133-01-JAR.

may either "start from scratch" and take relevant evidence or incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted. United States v. Torres, 929 F.2d 291, 292 (7th Cir. 1991). The Federal Rules of Evidence do not apply to detention hearings. See 18 U.S.C. § 3142(f). The Court may allow the parties to present information by proffer or it may insist on direct testimony. See Torres, 929 F.2d at 291. The Court also may incorporate the record of the proceedings conducted by the magistrate judge, including the exhibits he admitted. Lutz, 207 F. Supp.2d at 1251; see United States v. Chagra, 850 F. Supp. 354, 257 (W.D. Pa. 1994).

## **Standards For Detention**

Under the Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq., the Court must order an accused's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In making this determination, the Court must take into account the available information concerning –

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including – (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The government has the burden to show that no condition or combination of conditions would reasonably assure the accused's presence in later proceedings and/or the safety of other persons and the community.[2] Lutz, 207 F. Supp.2d at 1251 (burden of persuasion regarding risk of flight and danger to community always remains with government). The government must show by a preponderance of the evidence that defendant presents a serious flight risk. The government must prove dangerousness to any other person or the community by clear and convincing evidence. Id. at 1252.

## Analysis

**I.      Nature And Circumstances Of The Offenses**

Count 1 charges defendant with a conspiracy to transport illegal aliens, harbor illegal aliens and induce illegal aliens to reside in the United States, which carries a statutory maximum of ten years in prison. Count 2 charges defendant with failure of an illegal alien to depart the United States, which carries a statutory maximum of four years in prison. The charged offenses do not involve violence, but they are felony offenses which significantly impact defendant's ability to reenter the United States. This factor slightly favors detention.

**II.     Weight Of The Evidence**

The overt acts alleged in the indictment, which defendant largely does not dispute, suggest that defendant participated in the alleged conspiracy charged in Count 1. The evidence against defendant for failing to depart the United States appears to be overwhelming. Defendant has offered no evidence to dispute the charges. The indictment itself constitutes probable cause to believe that defendant committed the charged offenses. The weight of evidence favors detention.

---

[2]      In this case, no presumption of detention applies. Cf. 18 U. S.C. § 3142(e)(3)(A).

**III.    History And Characteristics Of Defendant**

Defendant is 42 years old. She is a citizen of the People's Republic of China. Some 15 years ago, she moved from China to the United States. Defendant has applied for asylum, but an immigration judge and the Board of Immigration Appeals denied her requests. On December 19, 2007, the Board of Immigration Appeals ordered defendant to depart from the United States within 90 days. For some six years, defendant has resided unlawfully in the United States and avoided detection by immigration authorities.

Defendant is married to Xiang Wang who is currently in federal custody. Mr. Wang is a citizen of China and is illegally present in the United States. Defendant has two children: Harry Wang, age 10, who is a citizen of the United States and resides with defendant; and Wan Man, age 21, who resides in China with defendant's mother-in-law. Defendant's parents reside in China. Defendant has two siblings who reside in the United States. Defendant's sister, Fei Xing Liu, and her brother, Wei Liu, both reside in Olathe, Kansas. Defendant has lived in Olathe for 15 years.

ICE has lodged a detainer and defendant is a deportable alien.[3] Defendant's immigration status and the existence of an ICE detainer are relevant to the history and characteristics of defendant. United States v. Salas-Urenas, 430 Fed. App'x 721, 723 (10th Cir. 2011). An ICE detainer alone does not mandate detention, but it weighs heavily in the risk of flight analysis. See United States v. Chavez-

---

[3] The parties dispute whether the Attorney General can effectively prohibit ICE from deporting a defendant who is on pretrial release. The Court only considers the existence of the ICE detainer, but not the likelihood that ICE would deport defendant if the Court released her on conditions pending trial. The Honorable Eric F. Melgren has found that the district court should not consider a defendant a flight risk merely because ICE and the Department of Justice cannot work together. United States v. Hernandez, No. 12-10063-02-EFM, 2012 WL 1034942, at *3 (D. Kan. Mar. 27, 2012). This Court agrees that the fact that ICE might choose to deport an individual before the Department of Justice can prosecute that individual plays no part in the risk-of-flight analysis. Id.

Rivas, 536 F. Supp.2d 962, 968-69 (E.D. Wis. 2008); United States v. Adomako, 150 F. Supp.2d 1302, 1307 (M.D. Fla. 2001). Defendant does not appear to face a lengthy potential prison term, but she is currently residing unlawfully in the United States and has done so for a number of years. A conviction on either count would almost certainly disqualify her from any further attempt to lawfully remain in the United States. As noted, defendant has close family ties to China. If released on conditions, the Court envisions three likely scenarios: (1) defendant appears at future proceedings and runs the risk of imprisonment before ICE deports her; (2) ICE deports defendant before trial; or (3) defendant fails to appear and resides undetected either inside or outside of the United States. See United States v. Min, No. 07-1199-JB, 2007 WL 5685126, at *5 (D.N.M. Nov. 21, 2007). In these circumstances, the Court finds that despite her family ties to Olathe, Kansas, defendant presents a significant risk of flight. See Hernandez, 2012 WL 1034942, at *3 (defendant may believe he can remain in country undetected because he has done so for 26 years).

## IV. Danger To The Community

Before releasing defendant on any set of conditions, the Court must be satisfied that she will not pose a danger to any other person or to the community. See 18 U.S.C. § 3142(b). While defendant poses some danger to the community based on the risk of continued criminal conduct including harboring illegal aliens, that risk alone does not warrant detention in this case. Cf. United States v. Pina-Aboite, 97 Fed. Appx. 832, 836 (10th Cir. 2004) (risk that defendant will continue to engage in drug trafficking constitutes danger to community).

## V. Balance Of Factors

Based on the indictment and the record before the magistrate judge including the pretrial services report, and the evidence proffered and received at the review hearing, the Court concludes that

no set of conditions of release will reasonably ensure that defendant will appear on the charges. The government has carried its burden of proving that pretrial detention is warranted because defendant presents a serious flight risk.

**IT IS THEREFORE ORDERED** that the government's Motion To Review Release Order (Doc. #106) filed December 30, 2013 be and hereby is **SUSTAINED**. Defendant shall be detained pending trial.

Dated this 3rd day of February, 2014 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge
